## KOELBLE, ADMR., v. RUNYAN ET AL.

*Executors and administrators—Costs taxed against claimant when claim rejected, when—Section 10724 et seq., General Code—Costs taxed against contestant where claim not rejected, when—Section 10726, General Code—Costs awarded against administrator where claim rejected in part—Requisitor liable for costs where claim fully or substantially allowed—Statutory authority necessary to tax attorney's fees by court of law—Equity court may allow counsel fees to party bringing fund into court—Equitable issues can be submitted to jury—Equitable character not changed by trial to jury—Common pleas court cannot control distribution of funds in probate court's custody—Probate court has jurisdiction over attorney's fees for contesting claim—Allowance of attorney's fees by common pleas court void, when—Probate court to allow attorney's fees where claim partially rejected—Section 10492, General Code—Section 8, Article IV, Constitution.*

1. Where a claim against an estate which is rejected upon a requisition being filed, under Section 10724 *et seq.*, General Code, is finally defeated, costs are taxed to the claimant.

2. Where claim against estate is contested by heir filing requisition for rejection with probate court, under Section 10724 *et seq.*, General Code, and claim is finally sustained, costs are taxed against the requisitor, under Section 10726.

3. Where a claim against an estate which is contested by an heir filing a requisition for rejection in the probate court is sustained only in part the costs are awarded against the administrator and the claimant is entitled to his costs.

4. Sections 10724 and 10726, General Code, providing that where a requisition for rejection of a claim against an estate is filed with the probate court, and plaintiff recovers judgment, costs shall be awarded against person filing requisition, *held* applicable only where claim is allowed in full, or at least to such extent as to show that resistance thereto was captious or unwise.

5. Courts of law have *no* power to tax attorney's fees un-

less the power is conferred by express statutory authority.

6. A court of equity has the power and duty to allow counsel fees to a party who brings into court a fund which is to be enjoyed in part by others.

7. Equitable issues can be submitted to a jury.

8. The essential character of equitable litigation is not changed by the fact that the case is tried to a jury.

9. In view of Section 10492, General Code, and Article IV, Section 8, Constitution, the common pleas court cannot make an order controlling the distribution of the funds of an estate which are in the custody of the probate court.

10. Under Article IV, Section 8, Constitution, and Section 10492, General Code, the claim for attorney's fees expended by an heir in contesting with partial success a claim against the estate by filing requisition for rejection in the probate court should be presented to the probate court for allowance and cannot be allowed by the common pleas court.

11. Allowance of attorney's fees by common pleas court to heir who contested claim against estate with partial success after filing requisition for rejection in probate court held void, such allowance being within the exclusive jurisdiction of the probate court, in view of Article IV, Section 8, Constitution, and Section 10492, General Code.

12. Where an heir filed a requisition for rejection of claim against an estate and contested the claim with partial success, held, that she was entitled to an allowance from the probate court for attorney's fees.

(Decided May 14, 1927.)

ERROR: Court of Appeals for Brown county.

*Messrs. Bagby & Bagby,* for plaintiff in error.
*Messrs. Rufus L. & Arthur S. Fite,* and *Mr. Hugh M. Davidson,* for defendants in error.

MAUCK, J. George A. Runyan brought an action against Koelble, as administrator of the estate of

Henry Runyan, deceased, to recover on a promissory note made and delivered by the decedent to that plaintiff. The petition shows that the principal of said note was $10,000, subject to a credit of $1,504; that the payee had presented his claim to the administrator, who had allowed it in the sum of $8,496. Thereafter Mabel Runyan, one of the heirs of the decedent, filed in the probate court her written requisition for the rejection of the claim, and said claim was thereupon and thereby rejected. Her requisition having made her an interested party to the action (Section 10725, General Code), Mabel Runyan filed an answer setting up, first, a denial of the execution of the note, and, second, a denial of any sufficient consideration therefor. By way of cross-petition she sets up facts warranting an accounting in equity and praying for such an accounting. The reply of the plaintiff was in effect a general denial of the answer. The administrator made no defense to the note, and asserted no counterclaim or set-off, but made an entire default. The case was then submitted to a jury, which returned a verdict for the plaintiff in the sum of $3,000. No motion for a new trial was made, and judgment was entered against the administrator in that sum. Thereupon Mabel Runyan moved for judgment for costs, including an allowance for counsel fees, which motion was allowed by the court. To this order for costs and counsel fees error is prosecuted to this court.

The provisions for a proceeding growing out of a suit on a claim against an estate upon a claim allowed by an administrator and rejected by the requisition of an interested heir or creditor are

found in Section 10724 *et seq.*, General Code. These sections afford a process by which interested parties may protect the estate against improvident administration and provide that the person requiring the rejection of the claim shall be made a party to the proceeding. Section 10724 provides that the person making such a requisition shall file with the probate court a bond "conditioned to pay all costs and expenses of contesting such claim in case it finally is allowed." The statute further provides (Section 10726, General Code) that the costs shall be awarded against the person filing the requisition if the plaintiff recovers judgment.

In the case at bar the plaintiff recovered, but only recovered about one-third the amount that the administrator would have paid him without suit had not the requisition been filed. The claim of the administrator then, in brief, is that while the vigilance of Miss Runyan as requisitioning heir saved the estate $5,496 she should be required to pay the costs because she did not save the estate $8,-496. So unfair and illogical a result ought not be reached unless the statute clearly requires it.

Where the claim is defeated, the costs are taxed, of course, to the claimant. Where the claim is sustained in whole, the claimant is entitled to costs against the requisitor. Where the claim is sustained in part, the claimant is entitled to his costs, of course, as against some one. The special statute does not attempt to provide for such a contingency, so the general statute intervenes and awards the costs against the administrator. The statutes under review only undertake to make the requisitor liable for costs when the claimant has

been allowed his claim in full, or at least to such extent as to show that resistance thereto was captious or unwise.

So much of the judgment for costs that purports to provide counsel fees for the attorneys for the requisitor raises a question of a different nature. Courts of law have no power to tax attorney's fees except by express statutory authority. On the other hand, there is no question that a court of equity has the power and duty to allow counsel fees to a party who brings into court a fund to be enjoyed in part by others. *Mason* v. *Alexander,* 44 Ohio St., 318, 7 N. E., 435. The issues in the case at bar were treated as though the court was dealing with a lawsuit. We have not the evidence before us, but from the pleadings we take it that the real question tried out was of an equitable nature. The only theory upon which the judgment below could have been entered was that the note sued on was given as alleged by the plaintiff, and for a valuable consideration. The defense therefore failed upon its two legal defenses. The judgment can be accounted for only on the theory that, while the plaintiff prevailed as against the legal defenses interposed to the petition, he lost upon the equitable accounting had under the cross-petition, and that the court found in such an accounting that the plaintiff owed the estate $5,496. It is true that that appears to have been the finding of the jury, rather than the decree of a court of equity, but equitable issues can be submitted to a jury, and the essential character of the litigation was not changed by the fact that the case was tried to a jury. The fact is, then, that on this equitable cross-petition there was saved to the estate, or

preserved for it, several thousand dollars. The allowance made to counsel was only $300. It is admitted that this was not too much. We are inclined to the view that it was too little. The difficulty in the allowance, however, is that there was brought into the custody of the common pleas no money or property out of which the attorney's fees could be paid. While we do not question that a court of equity could pay from funds in its possession the necessary expenses that accrued in the creation of the fund, that court cannot make an order controlling the distribution of funds in the custody of the probate court. By Section 10492, General Code, as well as by the Constitution (Article IV, Section 8), exclusive jurisdiction to settle the accounts of executors is confided to the probate court, and this claim for attorney's fees must be presented to that court for allowance out of the corpus of the estate. *Trumpler* v. *Royer,* 95 Ohio St., 194, 115 N. E., 1018.

So much of the judgment under review, therefore, as consists of an allowance of attorney's fees is surplusage. It is nothing more than the expression of an opinion as to what the probate court should do in the premises. We think that the opinion of the common pleas was in that respect sound, but as we have indicated it accomplishes nothing.

We hold that under the principles of the *Mason* case, *supra,* the attorneys for Miss Runyan were entitled to compensation to be paid by the estate, and under the principles of the *Trumpler case, supra,* the allowance thereof must be made by the probate court.

The judgment of the common pleas is accordingly modified by our holding that the allowance to

counsel is surplusage and void, and with this modification the judgment is affirmed.

*Judgment modified and affirmed.*

MIDDLETON, J., concurs.
SAYRE, P. J., not participating.