## ACME MORTGAGE CO v PARKER et

Ohio Appeals, 9th Dist, Summit Co

No 2252. Decided Feb 22, 1934

Clarence E. Kroeger, Akron, for plaintiff in error.

Amer, Sophrin & Cunningham, Akron, for defendant in error.

## OPINION

By WASHBURN, PJ.

In the foreclosure suit, the Acme Mortgage Co. did not ask for a personal judgment, and the case was therefore an equity case, and neither party had a right to demand a jury trial.

**Grapes v Barbour, 58 Oh St 669.**

It is apparent that the court impaneled the jury in pursuance of the power given to it by §11380, GC, which provides that "All other issues of fact shall be tried by the court, subject to its power to order any issue to be tried by a jury * * *." The court submitted the matter to the jury in the form of verdicts, which permitted the jury to determine what the agreement of the parties was as to what should be done by the Acme Mortgage Co. with said proceeds so retained by it.

We hold that the court had the right, under said statute, as well as under the practice in courts of equity, to submit said question to a jury, for the purpose of aiding the court in determining said question of fact, but the finding of the jury was not binding upon the court; it was the duty of the court to decide the question, for the final responsibility for settling the question was upon it, and the proper entry upon the overruling of the motion for a new trial would have been for the court to have specifically approved the finding of the jury upon said issue and made it the finding of the court, and in addition to dismissing said company's petition, the court should have ordered a cancellation of said mortgage as prayed for in the answer of the Parkers. What the court did do was to enter a judgment based upon the truthfulness of the finding of the jury upon said issue of fact, to-wit, dismiss the cause of action to foreclose said mortgage because the debt secured by said mortgage had been paid; and thus the court did necessarily pass upon that issue of fact.

**Phoenix Ins. Co. v Romeis, 8 C.D. 633.**

That case is also authority for the proposition that the court had a right to impanel the jury and submit said question to it.

That the finding of the jury, under such circumstances, was not necessarily conclusive upon the court, is held in **Morgan & Co. v Spangler et, 20 Oh St 38.**

And we call attention to the fact that

there is a reported case in which the Circuit Court, of which the Court of Appeals is the successor, in a trial de novo of an equity case, availed itself of the right to take the judgment of a jury upon an issue of fact.

Fleming v Fleming, 9 O. Dec. (Rep.) 382.

Our conclusion is that there was no prejudicial error in the court's submitting said question to the jury. as the court in passing upon the motion for a new trial necessarily passed upon said issue, so that it was passed upon twice and the defendant had the benefit of two tribunals to decide the question rather than one.

It is also complained that the court erred in setting aside a default judgment of foreclosure which, in an early stage of the case, had. been entered upon service by publication, but we find no error in the rulings of the court in reference thereto.

It is also urged that the finding of the court upon the controlling issue of fact which was submitted to the jury, is manifestly against the weight of the evidence; but we do not find that it is.

Judgment affirmed.

FUNK and STEVENS, JJ, concur in judgment.