CRANE ET AL., APPELLANTS, v. CHEEK ET AL., APPELLEES.

[Cite as Crane v. Cheek (1970), 27 Ohio App. 2d 27.]

(No. 1347—Decided September 28, 1970.)

Mr. Frank A. Schwab, for appellants.

M. Hugh D. Holbrock and Mr. H. J. Bressler, for appellees.

SHANNON, P. J. This is an appeal upon questions of law and fact from a judgment of the Court of Common Pleas of Butler County.

In 1909, one Schradin built a residence, with a barn to the rear, and rented the premises to one Hill. Plaintiffs, appellants herein, acquired this property in 1948.

In 1911 or 1912, Schradin built another residence upon the land immediately adjacent to that upon which the house and barn had been erected and occupied it as his home. Ultimately, defendants, appellees herein, purchased this property.

In order to provide a common driveway between the dwellings, Schradin established a roadway easement which extended back from the center of the public road 208 feet. Therefore, it reached virtually the front edge of the barn.

Promptly, after the defendants occupied their premises late in 1967 or early in 1968, a dispute arose over the

extent of the easement. Fundamentally, plaintiffs claimed a right to go beyond the 208 foot limit, past the barn, so as to have access to the land to the rear of it for use as parking space for his well drilling equipment. Defendants indicated their intention to fence their land, which act would cut off the route around the barn.

In March, 1968, plaintiffs filed their petition, praying that defendants be restrained and enjoined permanently from constructing a fence across the driveway and from blocking or otherwise interfering with plaintiffs use of it. A temporary order was issued.

Defendants promptly answered, denying any blocking or interference; alleging that the proposed fence would not be within the driveway; and claiming that plaintiffs were parking a truck upon the property of defendants and, therefore, were trespassers

Subsequently, defendants filed a cross-petition and an order was issued temporarily restraining plaintiffs from parking upon or blocking the easement or interfering with the use thereof in any manner. The prayer was that such injunction be made permanent.

In their answer to the cross-petition, plaintiffs asserted that they and their predecessors in title used the driveway beyond the easement without let, hinderance or obstruction since 1922 and that such use was adverse, open, continuous and that being under claim of right gave them the right to use the property by prescription.

Apparently, defendants requested that there be a jury trial. In any event, the plaintiffs filed their motion that the cause, being equitable in nature, be tried without the intervention of a jury. The court overruled plaintiffs' motion and a jury was impanelled which ultimately returned a verdict that "the plaintiffs . . . have not adversely used the driveway between the residences of the parties and side of the barn for a period of twenty-one (21) years or more."

Plaintiffs moved for a new trial and for judgment notwithstanding the verdict. Both motions were overruled after judgment was "rendered against the plaintiffs on

their petition and in favor of the defendants on their cross-petition." It is from that order that this appeal is taken.

R. C. 2311.04 provides that all issues of fact other than those arising out of actions for the recovery of money only, or specific real or personal property, shall be tried by the court subject to its power to order any issue to be tried by a jury or referred. See also 53 Ohio Jurisprudence 2d 349, Trial, Section 391.

R. C. 2315.19 provides:

"The court, at any time before trial, may order any case which it deems peculiarly fit to be tried by a jury, to be so tried."

Consequently, a court whether sitting at law or in equity, in the exercise of a statutory jurisdiction, may or may not, in its discretion, by virtue of either the Code or its inherent equity power, order an issue to be tried by a jury.

In *Koelble, Admr., v. Runyan*, 25 Ohio App. 426, it was decided that equitable issues may be submitted to a jury without changing the essential character of the litigation.

However, in such cases, the verdict of the jury is not conclusive or binding upon the court, whose duty it is to determine finally the issue of fact tried by the jury, their verdict being merely evidence. The final decree of the court upon the facts found is to be rendered upon the whole case. See, generally, 53 Ohio Jurisprudence 2d 349, Trial, Section 391, and cases cited thereunder, especially *Morgan* v. *Spangler*, 20 Ohio St. 38, and *Acme Mortgage Co.* v. *Parker*, 17 Ohio Law Abs. 97.

The court below, then, had jurisdiction to submit the issue of whether plaintiffs adversely used the driveway between the residences of the parties for a period of twenty-one years or more to a jury. Therefore, the first assignment of error before us—that the court erred in impanelling a jury to try the issues—is not well taken.

Such conclusion on our part, however, but partly resolves this appeal.

The second assignment of error is that the court

erred in giving special charges requested by defendants. We have examined those special charges and the general charge to the jury and find that the triers of the issue submitted were fully and properly instructed.

Remembering that the court entered a judgment upon the verdict, we now address ourselves to the problem presented by that action.

Clearly, the court should have received the verdict as advisory and not as conclusive and should have rendered its own final decree upon the whole case.

Section 3, Article IV of the Constitution of Ohio, provides, in part:

"(B) (1) The courts of appeals shall have original jurisdiction in the following: * * *

"(f) In any cause on review as may be necessary to its complete determination."

We now wield the power given by the Constitution to do what the court below should have done.

The determination of the jury of the issue submitted to it was reached after adequate instruction upon the law applicable thereto and is supported by sufficient evidence, as revealed by the transcript of the testimony and exhibits stipulated to be before us. Consequently, we adopt the findings of the jury as our own.

We decree that the petition of the plaintiffs be dismissed, that the prayer of the cross-petition of the defendants be granted in that the plaintiffs are enjoined permanently from parking upon, or in any other manner blocking, the real estate in which they claim an easement and from parking upon or blocking the property of the defendants. The costs shall be divided equally between the parties.

*Judgment affirmed.*

HESS and HILDEBRANT, J.J., concur.