CITY OF LORAIN, APPELLEE, *v.* ROBERTSON, APPELLANT.

(No. 3536—Decided January 25, 1984.)

*Myron Harkacz,* for appellee.
*Paul D. Payne II,* for appellant.

QUILLIN, P.J., Felton Robertson, appellant, was charged with driving while under the influence of alcohol and failure to dim bright lights in violation of the Code of Ordinances of Lorain. He was found guilty and sentenced. Because relevant portions of the videotaped trial have not been transcribed, we affirm.

Assignments of Error

"I. The trial court erred in admitting evidence of the intoxilyzer score of appellant.

"II. The trial court erred in allowing evidence of test results of the intoxilyzer, since the ordinance was violated when upon request the appellant was denied the test results of said intoxilyzer.

"III. Trial court erred in failing to instruct the jury of the rebuttability of any presumption obtained by the breathalyzer test result."

The trial was conducted in the Lorain Municipal Court and was recorded on videotape. Although a videotape recording constitutes the transcript of proceedings for purpose of appeal, App. R. 9(A) provides in part:

"* * * When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented and append such copy of the portions of the transcripts to their briefs."

The Supreme Court Rules of Superintendence for Municipal Courts and County Courts also provide:

"A videotape recording constitutes the transcript of proceedings as defined in Appellate Rule 9(A) and such transcript need not be transcribed into written form for the purposes of appeal. Transcripts of proceedings in media

other than videotape must be transcribed into written form in their entirety. When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of the transcript necessary for the court to determine the questions presented and append such portions of the transcript to their briefs. A party need not attach a typewritten copy of the entire transcript of proceedings where it is alleged that the judgment appealed from is against the manifest weight of the evidence." M. C. Sup. R. 8(B).

Thus, a videotape need not be transcribed and appended to briefs when the error assigned alleges that a judgment is against the manifest weight of the evidence. In all other instances the appellant must transcribe and append to briefs the necessary portions of the videotape to demonstrate a particular error. In the present case the errors assigned allege specific instances of incorrect rulings by the trial court. In order to sustain these errors on appeal, the appellant is obliged to provide us with the transcribed relevant portions of the videotapes. He has failed to do so.

As appellant has not demonstrated the errors of which he complains, the assignments of error must be overruled.

The judgment is affirmed.

*Judgment affirmed.*

MAHONEY and BAIRD, JJ., concur.