GAYLAN *v.* DAVE TOWELL
CADILLAC, INC.

(No. 83 CVF 10437—Decided
March 8, 1984.)

Akron Municipal Court.

*Mr. Robert H. McDowell,* for plaintiff.
*Mr. Timothy P. Assaf,* for defendant.

SCHNEIDERMAN, J. Plaintiff, Anthony Gaylan, seeks to recover $7,248.75 in damages, plus attorney fees, from the defendant, Dave Towell Cadillac, Inc. Defendant denies plaintiff's claim.

### FINDINGS OF FACT

Defendant is a corporation and doing business as a motor vehicle dealer selling new and used motor vehicles. Defendant is a franchise dealer for Cadillac automobiles.

On August 25, 1983, plaintiff and defendant entered into a retail contract whereby plaintiff agreed to purchase, for cash, a 1983 Cadillac Eldorado automobile (Eldorado), less a trade-in allowance for his 1979 Cadillac. The agreement provided as follows:

1

2

| | |
|---|---|
| Sales price | $22,316.00 |
| Rust inhibitor | 200.00 |
| Document fee | 15.00 |
| Cash sale price | $22,531.00 |
| State and local taxes | $ 726.83 |
| License, license transfer, title, registration fee | 6.00 |
| Total price | $23,263.83 |
| Trade-in allowance | 9,316.00 |
| Balance in cash | $13,947.83 |

On August 27, 1983, and before plaintiff took possession of the Eldorado, he asked about purchasing the 1983 Cadillac four-door Fleetwood Brougham (Fleetwood) which was in the showroom. The parties negotiated, and it was agreed that plaintiff would purchase the Fleetwood instead of the Eldorado for an additional $950. Plaintiff paid that difference in cash and subsequently took delivery.

An agreement was prepared for the purchase of the Fleetwood; however, the calculation was done after the plaintiff signed the agreement. The sales price and the sales tax were determined by working backwards, using the total amount plaintiff paid, the trade-in allowance, the cost for rustproofing, document fee and transfer of title fees, and defendant "plugged in" the sales price and sales tax. The sales price for the Fleetwood was $23,216.48. Plaintiff knew defendant was doing the calculation in this manner and both parties were relying on the August 25 agreement.

On August 14, 1983, defendant advertised the Fleetwood automobile for sale in the Akron Beacon Journal at $20,450. Plaintiff knew the advertised sale price before the purchase.

Plaintiff seeks triple damages for the difference between the Fleetwood sales price and the advertised price, and his attorney fees, pursuant to the Ohio Consumer Sales Practices Act contained in R.C. Chapter 1345 and the regulations thereunder.

CONCLUSIONS OF LAW

The parties agreed that R.C. 1345.02 and Ohio Adm. Code 109:4-3-16 were applicable.

R.C. 1345.02(A) provides in part as follows:

"No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. * * *"

Plaintiff contends that the following subsections in Ohio Adm. Code 109:4-3-16 were violated:

"(B) It shall be a deceptive and unfair act or practice for a dealer, in connection with the advertisement or sale of a motor vehicle, to:

"* * *

"(5) Advertise any motor vehicle for sale at a specific price or on specific terms and subsequently fail to show and make available for sale said vehicle as advertised;

"* * *

"(17) Raise or attempt to raise the actual purchase price of any motor vehicle to a specific consumer * * *;

"* * *

"(22) Fail to integrate into any written sales contract or offer, all material statements, representations or promises, oral or written, made prior to the written contract by the dealer;"

The defendant did advertise a motor vehicle for sale and failed to make it available as advertised in violation of Ohio Adm. Code 109:4-3-16(B)(5). Defendant offered to sell the Fleetwood for $20,450 in an advertisement and sold it to plaintiff for $23,216.48.

Plaintiff failed to integrate into the sales agreement of August 27 all material statements, representations and promises made prior to that agreement in violation of Ohio Adm. Code 109:4-3-16(B)(22). The August 27 agreement was signed when incomplete, and it does not reflect the understanding between the parties.

Plaintiff has proved by a preponderance of the evidence that defendant did commit deceptive and unfair acts and practices in violation of R.C. 1345.02(A) and Ohio Adm. Code 109:4-3-16(B)(5) and (22). Subsection (17) was not violated.

The private remedies for violation of R.C. 1345.02(A) are contained in R.C. 1345.09. Subsection (B) provides that the consumer may recover three times the amount of his actual damages or $200, whichever is greater.

What were the plaintiff's damages? The plaintiff received exactly what he bargained for. He requested that the defendant revise the original purchase so that he could buy the Fleetwood instead of the Eldorado. They both bargained in good faith and agreed on an additional amount of $950 to switch automobiles. Plaintiff knew the advertised price of the Fleetwood and settled on an amount with full knowledge of all the circumstances. The plaintiff has failed to prove, by a preponderance of the evidence, any damages.

Since the defendant did violate the Ohio Consumer Sales Practices Act, the plaintiff is entitled to recover the statutory minimum damages. There were two separate violations in this case, each caused by a separate act of the defendant. Plaintiff is entitled to recover the $200 minimum damages for each violation, or $400.

Plaintiff seeks to recover attorney fees. R.C. 1345.09 provides in subsection (F) that the court may award reasonable attorney fees to the consumer if "(2) [t]he supplier has knowingly committed an act or practice that violates this section." The circumstances creating the violation by the defendant are unusual, and, at least in part, caused by the plaintiff. The facts do not support a finding that these violations were knowingly committed by the defendant. Further, the plaintiff did not offer any proof as to "reasonable attorney's fees," and it is this court's opinion that some evidence of attorney fees is required before the trier of fact can consider the subject. See *Baber* v. *Dennis* (1979), 66 Ohio App. 2d 1.

Plaintiff has failed to prove by a preponderance of the evidence that he is entitled to reasonable attorney fees.

Plaintiff is entitled to a judgment for $400.

*Judgment accordingly.*