THE STATE OF OHIO, APPELLEE, *v.* EBRIGHT, APPELLANT.

(No. OT-87-33—Decided April 15, 1988.)

*David Boldt,* assistant prosecuting attorney, for appellee.

*Terrence R. Rudes,* for appellant.

*Per Curiam.* This cause is on appeal from a judgment of the Port Clinton Municipal Court.

Appellant filed a timely notice of appeal asserting the following assignments of error:

"1. The Court erred in finding that the Defendant was operating his vehicle on a public highway.

"2. The Court erred in imposing upon defendant in a motion to suppress the burden of going forward and the burden of proof."

On July 5, 1987, appellant, Ronald Ebright, was operating his van in the East Harbor State Park located near Port Clinton, Ohio. A park ranger stopped appellant after receiving information that certain people in a blue van were bothering girls in the park. He stopped the van which was being operated by appellant, then followed it to a campsite. The ranger detected the odor of alcohol on appellant's breath and conducted certain field tests. Appellant failed the tests and was arrested for driving under the influence of alcohol in violation of R.C. 4511.19(A)(3).

On July 31, 1987, appellant filed a motion to dismiss or suppress evidence alleging that the park ranger did not have probable cause to arrest appellant and that the offense did not take place on a public highway as required by R.C. 4511.191. The motion to suppress was overruled, appellant entered a plea of no contest, reserving his right to appeal, and was found guilty. The instant appeal ensued.

In his first assignment of error, appellant alleges that he was not driving the automobile on a "public highway" and, therefore, any breath test taken pursuant to his arrest could not be used against him.

Former R.C. 4511.191 stated, in pertinent part:

"(A) Any person who operates a vehicle upon the *public highways* within this state shall be deemed to have given consent to a chemical test or tests of his blood, breath, or urine for the purpose of determining the alcohol, drug, or alcohol and drug content of his blood if arrested for operating a vehicle while under the influence of alcohol * * *."[1] (Emphasis added.)

It has been held that "[b]y its language, R.C. 4511.191 only operates to imply consent to a chemical test where there are '* * * reasonable grounds to believe the person to have been driving a motor vehicle upon the public highways * * *,' * * *. *Crapser* v. *Andrews* (App. 1977), 5 O.O. 3d 402; *Koch* v. *Dollison* (1981), 2 Ohio App. 3d 141, 142. * * *" *State* v. *Szalai* (1983), 13 Ohio Misc. 2d 6, 7, 13 OBR 142, 143-144, 468 N.E. 2d 396, 398.

Appellant contends that the road on which he was driving within the state park is not a public highway and, therefore, the rationale set forth above in *State* v. *Szalai, supra,* is applicable. However, it is our conclusion that the roadways in East Harbor State Park are public highways in that they are

---

[1] R.C. 4511.191 was amended effective March 20, 1987, to include implied consent with respect to ingestion of a drug of abuse. See 141 Ohio Laws, Part I, 558, 579.

used by the public and are maintained and owned by the state of Ohio. Furthermore, these roadways meet the definition of a "public highway" given in R.C. 4511.01(BB). See *State* v. *Gruber* (Sept. 4, 1987), Ottawa App. No. OT-87-3, unreported.

Accordingly, we find appellant's first assignment of error not well-taken.

In his second assignment of error, appellant contends that the trial court erroneously imposed the burden of going forward and the burden of proof upon the defendant during a hearing held pursuant to his motion to suppress.

Upon the record submitted to us, we are unable to discern what happened at the motion to suppress hearing on August 3, 1987. Appellant failed to comply with former App. R. 9(A), which provided, in pertinent part, that "* * * [w]hen the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented and append such copy of the portions of the transcripts to their briefs." It is incumbent upon appellant to transcribe and append to his brief the necessary portions of the videotape to demonstrate his second assignment of error. See *Lorain* v. *Robertson* (1984), 21 Ohio App. 3d 93, 21 OBR 99, 487 N.E. 2d 317, and *Bantel* v. *Herbert* (1987), 31 Ohio App. 3d 167, 31 OBR 332, 509 N.E. 2d 981. Accordingly, this court has nothing to pass upon as to the second assigned error and, therefore, has no choice but to presume the validity of the lower court's proceedings. See *In re Adoption of Foster* (1985), 22 Ohio App. 3d 129, 22 OBR 331, 489 N.E. 2d 1070, and *Knapp* v. *Edwards Laboratories* (1980), 61 Ohio St. 2d 197, 15 O.O. 3d 218, 400 N.E. 2d 384.

Accordingly, we find appellant's second assignment of error not well-taken.

On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Port Clinton Municipal Court is affirmed. This cause is remanded to said court for execution of judgment. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

RESNICK, P.J., HANDWORK and GLASSER, JJ., concur.