The STATE of Ohio, Appellee,

v.

HAMMER, Appellant.

[Cite as *State v. Hammer* (1992), 82 Ohio App.3d 663.]

Court of Appeals of Ohio,
Lorain County.

No. 91CA005269.

Decided Sept. 30, 1992.

*James Walsh,* Oberlin Prosecutor, for appellee.

*Robert G. Schultz,* for appellant.

REECE, Judge.

Defendant-appellant, Ronald C. Hammer, appeals his conviction of failure to yield, R.C. 4511.42, and failure to wear a seat belt, R.C. 4513.263(B)(1). We affirm.

On July 30, 1991, Hammer was involved in an automobile accident with Duaine Jay. Jay died as a result of injuries suffered in the accident. Hammer was charged with vehicular homicide, R.C. 2903.07, failure to yield and failure to wear a seat belt.

On August 27, 1991, Hammer demanded a jury trial on the charge of vehicular homicide. The court proceeded to try all three charges to a jury. On October 10, 1991, Hammer was convicted of failure to yield and failure to wear a seat belt, but was acquitted of vehicular homicide. Hammer appeals these convictions and raises two assignments of error.

Assignment of Error No. I

"The court erred in not granting the defendant's Rule 29 motion at the close of all the proffered evidence, to wit: the fact of venue was never proved beyond a reasonable doubt."

Hammer contends that the state did not produce sufficient evidence to prove venue beyond a reasonable doubt. Hammer claims he challenged the issue of venue by moving for acquittal under Crim.R. 29(A), which provides:

"(A) * * * The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. * * *"

In reviewing a denial of a Crim.R. 29 motion for acquittal, this court must examine the record to determine whether reasonable minds could differ as to whether each element of a crime has been proved beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus. However, in this case, Hammer did not comply with App.R. 9(A) when submitting a videotape transcript. In pertinent part, App.R. 9(A) states:

" * * * When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs."

This court has said that the portions of a videotape transcript necessary to demonstrate error must be transcribed and attached to the appellant's brief. *Lorain v. Robertson* (1984), 21 Ohio App.3d 93, 94, 21 OBR 99, 100, 487 N.E.2d 317, 318; accord *State v. Ebright* (1988), 47 Ohio App.3d 123, 125, 547 N.E.2d 1002, 1003. The only exception to this rule is when the error assigned alleges that a judgment is against the manifest weight of the evidence. *Robertson, supra.* Hammer alleges as error a specific instance of an incorrect ruling by the trial court.

Because there is no transcript of the videotape, we do not know if the Crim.R. 29 motion was made and if so, on what basis. Accordingly we cannot reach the merits of the assignment. *State v. Stevens* (Mar. 30, 1983), Lorain App. No. 3406, unreported, 1983 WL 4046.

Because Hammer has not demonstrated the error of which he complains by pointing to specific portions of the transcript, his first assignment of error is overruled.

## Assignment of Error No. II

"The jury was without jurisdiction to find the defendant guilty of failure to yield and failure to wear a seat belt. These are matters which must be decided by the court, not a jury."

In support of his contention, Hammer points to Crim.R. 23(A), which states: "[i]n petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial." Hammer demanded a jury trial on the vehicular homicide issue, but not on the other two offenses. Therefore, we must decide if a defendant's demand of a jury trial on one charge allows the court to join other related offenses to the trial before the jury.

Hammer contends that Crim.R. 23 mandates that a petty offense may be tried before a jury only when the defendant files a written jury demand. We do not find such an inflexible rule to be within the purposes of the Criminal Rules or supported by any case law.

Crim.R. 1(B) states:

"These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed and applied to secure the fair, impartial, speedy, and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable expense and delay."

To help secure the above purposes, Crim.R. 8, which provides for joinder, was adopted. This rule allows for the joinder of two or more offenses in one indictment or complaint if the offenses charged, whether felony, misdemeanor, or both, are based on the same act or transaction. All the charges against Hammer were based on the July 30 auto accident. Generally, a trial court, in its discretion, may order an issue to be tried by a jury. 90 Ohio Jurisprudence 3d (1989) 207, Trial, Section 557; *Crane v. Cheek* (1970), 27 Ohio App.2d 27, 56 O.O.2d 208, 272 N.E.2d 159.

In order to protect against prejudicial joinder, Crim.R. 14 was adopted. It allows the court to sever issues or offenses for trial if the defendant is prejudiced. Absent from Hammer's argument is any reference to prejudice by the trial court's joining of offenses. A defendant claiming error in a trial court's decision to join offenses must affirmatively demonstrate prejudice. *State v. Hamblin* (1988), 37 Ohio St.3d 153, 157–159, 524 N.E.2d 476, 480–481.

The above joinder rules comply with the general purpose of the Criminal Rules. As the Ohio Supreme Court has noted, joinder conserves judicial and prosecutorial time, lessens the not inconsiderable expenses of multiple trials, diminishes inconvenience to witnesses, and minimizes the

possibility of inconsistent results in successive trials. *State v. Thomas* (1980), 61 Ohio St.2d 223, 225, 15 O.O.3d 234, 235, 400 N.E.2d 401, 403–404.

In this case, Hammer has not even attempted to show prejudice or an abuse of discretion. His ability to attempt to show prejudice or abuse is severely limited by his failure to attach pertinent parts of the record. His second assignment of error is overruled.

The trial court's judgment is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and QUILLIN, J., concur.