DANTZIG, Appellant,

v.

SLOE et al.; Russell Automotive, Inc., Appellee.

[Cite as *Dantzig v. Sloe* (1996), 115 Ohio App.3d 64.]

Court of Appeals of Ohio,
Eleventh District, Geauga County.

No. 94-G-1880.

Decided Oct. 1, 1996.

*David Dantzig,* pro se.

*Petersen, Ibold & Wantz* and *Jerry A. Petersen,* for appellee.

NADER, Judge.

This is an appeal from a judgment entered in the Chardon Municipal Court, Small Claims Division.

On May 31, 1994, appellant, David Dantzig, filed a complaint against appellee, Russell Automotive, and Tom Sloe, as president of Russell Automotive. Appellant alleged claims for confiscation of property, price gouging, failure to provide itemized bills and faulty or incomplete automotive repairs. Appellant sought $2,000 in damages. On July 5, 1994, appellee filed a counterclaim against appellant alleging claims of unpaid repair bills and storage charges, and also seeking $2,000 in damages.

On July 27, 1994, a hearing was held before a referee. Appellant and Tom Sloe were present. The referee filed his report on July 29, 1994. In the report, the

referee found that Tom Sloe had been improperly named as a defendant and recommended that he be dismissed. The report contained the following factual summary:

"The parties [*sic*] dispute is over work performed to an old Datsun 280Z plaintiff hired defendant to retrofit with a Ford engine and power train to make a 'Fordsun.' Plaintiff was going to write a manual on how this was done, first as to a 'Fordsun,' then as to a 'Chevsun.' The 'Fordsun' conversion was completed by defendant. The Chevy conversion never got further than defendant taking possession of plaintiff's Chevy parts (which cost plaintiff $1,582.00 per plaintiff's A), which defendant established are worth about $1,000.00. All of this work took place in 1992. Plaintiff had been in federal prison for some time in 1993, and was not released until earlier this year. When he went to prison, he had been using the 'Fordsun.' Defendant still has possession of the Chevy parts. Plaintiff claims defendant did defective work on his car (see Plaintiff's B); defendant denies this and claims to be owed $3,023.27 per his Defense Exhibits 1 & 2. These Exhibits were prepared in anticipation of trial from other records not admitted, but which were displayed at trial and which appeared as haphazard entries on tattered legal sheets. Defendant never sent plaintiff a bill. The referee viewed the 'Fordsun' on the Square, with the consent of the parties.

"Plaintiff obtained ASF master mechanic certification last month by taking a test, and he also ran a garage for three years in the 70's. However, his experience and qualifications are woefully deficient when compared to those of Tom Sloe, who has run a garage full time for many years.

"Plaintiff failed to establish any unworkmanlike work or deficiency in parts provided by defendant; defendant's witness clearly established by credible, clear and convincing evidence that they performed in workmanlike fashion.

"Plaintiff admitted to owing money to defendant in his letter of January 25, 1994 (Defense Exhibit 4). * * *

"The Chevy power train in defendant's possession is by defendant's own admission plaintiff's property and defendant failed to establish that any storage charges should be payable to date."

On August 16, 1994, the trial court entered judgment dismissing Tom Sloe and entering judgment in favor of Russell Automotive on appellant's claim and on its counterclaim in the amount of $1,225 plus interest. Appellant timely appealed, asserting the following as error:

"1. A judgement of $1225 and a [*sic*] automotive engine and transmission worth $1582 is beyond the authority of any small claims court in Ohio, who are restricted to making cash awards of $2,000 or less.

"2. A judgement of $2800 to the defendant is against the manifest weight of the evidence.

"3. Well recognized consumer protection laws require that both a written estimate and repair bill be provided to automotive service customers. Since neither were provided plaintiff the coart [sic] erred by awarding defendant $2800 for an illegal act and further erred by not awarding the plaintiff triple damages as demanded by law."

In appellant's first assignment of error, it is argued that the trial court exceeded its subject matter jurisdiction. We disagree.

R.C. 1925.02 sets forth the jurisdiction for small claims courts:

"(A)(1) Except as provided in division (A)(2) of this section, a small claims division established under section 1925.01 of the Revised Code has jurisdiction in civil actions for the recovery of taxes and money only, for amounts not exceeding two thousand dollars, exclusive of interest and costs.

"* * *

"(B) A counterclaim or cross-claim of two thousand dollars or less does not affect the jurisdiction of a small claims division."

In the instant case, the trial court made an award of $1,225. This is well within its jurisdictional limits. Appellant contends that the trial court also awarded the Chevy power train to appellee. Our review of the judgment reveals that no order was included with regard to the power train, in accordance with the court's jurisdictional limitations. See R.C. 1925.02(A)(1). Appellant's first assignment of error is meritless.

In appellant's second assignment of error, it is argued that the judgment of the trial court is against the manifest weight of the evidence. We disagree.

In the instant case, the proceedings were videotaped. Appellant has included a copy of this videotape in the record on appeal, but has failed to transcribe any portion of the videotape.

While we note that an opposite result was reached in *Lorain v. Robertson* (1984), 21 Ohio App.3d 93, 487 N.E.2d 317, we expressly reject the conclusion a videotape need not be transcribed where the judgment is alleged to be against the manifest weight of the evidence. Principles of judicial economy necessitate the transcription of all relevant portions of a videotape in such circumstances.

Appellant's second assignment of error is meritless.

In appellant's third assignment of error, it is argued that the trial court erred in failing to award appellant triple damages pursuant to the Ohio Consumer Sales Practices Act ("OCSPA"), for failure to provide itemized bills. We disagree.

■ Initially, appellee argues that appellant failed to raise this claim in the court below. However, appellant consistently argued that appellee failed to provide itemized bills, stating so on his complaint and at the hearing. As a result, we hold that this claim was properly preserved for review.

R.C. 1345.02 provides:

"(A) No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

It has been held that "failure of a supplier to provide the consumer with an itemized list of repairs performed and services rendered is a violation of Ohio Adm.Code 109:4–3–13(C)(12) and a deceptive sales practice as prohibited by R.C. 1345.02(A)." *Simpson v. Smith* (1987), 34 Ohio Misc.2d 7, 517 N.E.2d 276, headnote three.

R.C. 1345.09 provides:

"(A) Where the violation was an act prohibited by section 1345.02 or 1345.03 of the Revised Code, the consumer may, in an individual action, rescind the transaction or recover his damages.

"(B) Where the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02 or 1345.03 of the Revised Code * * *, the consumer may rescind the transaction or recover * * * three times the amount of his actual damages or two hundred dollars, whichever is greater * * *."

In the instant case, taking the trial court's findings of fact as accurate for the reasons stated above, it is clear that appellant established no damages. As a result, the trial court did not err in failing to award triple damages based upon the OCSPA.

■ However, it was established that appellee failed to provide itemized bills, in violation of the OCSPA. Therefore, the trial court erred in failing to award appellant the statutory minimum damages of $200. See R.C. 1345.09(B); *Gaylan v. Dave Towell Cadillac, Inc.* (1984), 15 Ohio Misc.2d 1, 3, 15 OBR 243, 245, 473 N.E.2d 64, 66.

Appellant's third assignment of error is well taken.

In accordance with the foregoing, the judgment of the trial court is hereby affirmed in part and reversed in part, and the cause is and remanded in part for modification of the judgment in accordance with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

FORD, P.J., and CHRISTLEY, J., concur.