OPINION
In this accelerated calendar case, submitted on the record and the briefs of the parties, appellant, Donald L. Shipman ("Shipman"), appeals from the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, entered on August 3, 1999. The court awarded appellee, Cheryl Bateman ("Bateman"), a civil protection order pursuant to R.C. 3113.31. The following facts are relevant to a determination of this appeal.
Bateman cohabited with Shipman "as a spouse" until their relationship ended in January of 1999, and the parties separated. On May 12, 1999, Bateman filed a petition for a domestic violence civil protection order pursuant to R.C. 3113.31. Within the petition she alleged the following: that on May 10, 1999, Shipman drove up and down her street, stopping in front of her house and cursing; that in the previous week, Shipman followed her in his car and attempted to "rear-end" her car at a stoplight; that "four weeks ago," Shipman slammed her face into the hood of a truck, causing a "black-eye," and said "you gonna die one of these days"; that in December of 1998, when Bateman told Shipman she wished to end their relationship, he put a gun to his own head, threatening to kill himself, and said if he had to die she would too, and pointed the gun at Bateman.
On the basis of these allegations, an ex parte civil protection order was issued on May 14, 1999. A full hearing was conducted by a magistrate on July 13, 1999. At the hearing, three witnesses testified on behalf of Bateman, and also Bateman herself. Four witnesses testified on behalf of Shipman, and also Shipman, himself, testified. At the conclusion of the hearing, the magistrate found that Shipman had committed offenses that constitute domestic violence under R.C. 3113.31 and granted the civil protection order. The trial court approved the order on July 20, 1999. On July 23, 1999, Shipman filed objections to the magistrate's decision, which included objections to the magistrate's finding of fact. If a transcript of the proceedings was submitted to the court in conjunction with the objections, the transcript was in videotape form. On August 3, 1999, the trial court overruled the objections. In its judgment entry, the court did not raise the issue of whether Shipman had complied with Civ.R. 53(E)(3)(b) by submitting a proper transcript. On September 2, 1999, Shipman timely filed notice of appeal, assigning the following errors:
 "[1]. The trial court erred in issuing a civil protection order based upon evidence of allegations that were not set forth in the original complaint.
 "[2]. The trial court erred in allowing into evidence testimony of witnesses who were not present at any of the alleged events set forth in the original complaint."
 In this case, the hearing was recorded on videotape. Appellant has not transcribed any portion of the videotape in conjunction with this appeal. Nor, at the trial court level, did appellant file a motion pursuant to Civ.R. 52 requesting findings of fact and conclusions of law. App.R. 9(A) states in pertinent part that "[w]hen the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs."
In Visnich v. Visnich (Dec. 17, 1999), Trumbull App. No. 98-T-0144, unreported, we stated:
 "As we have held on numerous occasions, `[t]his court will not, nor should appellant expect it to, search through the videotapes in order to find passages that support the assignments of error raised.' In the Matter of Doyle (Dec. 18, 1992), Geauga App. No. 91-G-1643, unreported, at 2, See, also, State v. Boughner (July 19, 1991), Geauga App. No. 90-G-1584, unreported, at 1; Dantzig v. Sloe (1996), 115 Ohio App.3d 64; State v. Simpfendorfer (Oct. 22, 1999), Geauga App. Nos. 98-G-2180 and 98-G-2181, unreported, at 4. (Parallel citations omitted.)
 "Upon the record before us, we are unable to discern what evidence was presented in support of the [civil protection order]. As a result, the determination of appellant's assignment of error would require a review of the videotape transcript because the arguments raised in that error refer to what occurred during those hearings. However, it was incumbent upon appellant to transcribe and append to his brief the necessary portions of the videotapes to demonstrate his assignment of error. Without a proper and complete transcript, appellant cannot demonstrate the alleged error. Thus, this court must presume the regularity of the proceedings below. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. See, also, Doyle, supra." Id. at 4-5.
 The case sub judice is directly analogous to Visnich, supra. In the absence of a transcript of the proceedings, we have nothing to review. Even were we to overcome the procedural defects in this appeal, appellant is faced with a serious challenge. It is clear that the allegations contained in the complaint would support the issuance of a civil protection order. Furthermore, in compliance with App.R. 9(A), appellee transcribed portions of the proceedings relevant to her argument that the judgment of the trial court should be affirmed and appended a copy of those portions to her brief. These transcribed portions include testimony of Bateman and her witnesses, all of which supports the allegations set forth in her complaint. Conversely, the transcribed portions supplied by appellee do nothing to establish appellant's claimed error, on the contrary, they tend to refute the claims.
Absent evidence to the contrary, this court will presume the regularity of the trial court proceedings. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. Therefore, we find appellant's assignments of error without merit.
The judgment of the trial court is affirmed.