FEISS v. HENSCH

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8272. Decided Oct. 31, 1927.

Judges Richards, Williams and Lloyd of the 6th Dist., sitting.

First Publication of this Opinion.

Syllabus by Editorial Staff.

118. AUTOMOBILES—829 Negligence.
1. Fact that plaintiff's automobile, that had been standing, in obedience to traffic signal, for twenty seconds, was bumped from rear by defendant's automobile, sufficient to warrant inference that collision was caused by negligence of defendant.
2. Owner of automobile may not avoid effect of inference by refraining from disclosing cause of collision.

Error to Common Pleas.
Judgment modified.

Davis, Young and Vrooman, Cleveland, for Feiss.

Charles Savage, Cleveland, for Hensch.

STATEMENT OF FACTS.

Plaintiff in error was defendant in the Court of Common Pleas and defendant in error was plaintiff. They will be so designated here:

On the morning of Nov. 16, 1925, the plaintiff, with three other ladies, was a passenger in an automobile owned and driven by her husband. She was sitting in the rear seat, and they were proceeding northerly on E. 40th St. and at about 8:15 o'clock A. M., had reached Prospect Avenue where traffic on East 40th Street was stopped by the signal of a police officer directing traffic at the intersection of these two streets. While so standing there, and after the lapse of at least twenty seconds, this automobile was bumped from the rear by an automobile owned by defendant, he being a passenger therein, and driven by his chauffeur. The record contains no other facts as to the manner in which the collision occured and plaintiff was the only witness testifying thereto. There were but two other witnesses, both physicians, one called by the plaintiff and the other by the defendant, their testimony relating solely to the nature and extent of the injuries. At the close of plaintiff's evidence, defendant moved the court for a directed verdict and renewed the motion at the close of all the evidence. Defendant alleges, as error, the failure of the court to direct a verdict in his behalf and also claims that the amount of the verdict is manifestly too large.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

LLOYD, J.

As to the first alleged error, we are of the opinion that the facts shown by the evidence, uncontradicted and unexplained, are sufficient to warrant the inference that the collision and

resulting injury were caused by the negligence of defendant in the operation of his automobile. An automobile, in and of itself, is not to be considered as a dangerous instrumentality. It has become a common and necessary vehicle of transportation, both of passengers and freight, and becomes dangerous only because allowed to be out of repair or because of negligent operation. In the absence of evidence to the contrary, it must be presumed that defendant's automobile was not in any respect defective, which leaves the almost necessary inference, if plaintiff's story of the facts is to be believed, that defendant's car, at the time and place in question, was being negligently operated, otherwise it would not probably have collided with another automobile in front of it and which had been standing at the street intersection, in obedience to the signal of the traffic officer, for fully twenty seconds before the collision occurred. Under facts and circumstances such as these narrated by plaintiff, the owner of an automobile, may not avoid the effect of the inference which a jury may deduce therefrom, by refraining from disclosing the cause of the collision.

As to the second alleged error, this court is of the opinion that the amount of the verdict is manifestly against the weight of the evidence.

It the defendant in error will remit $800 as of the date of the judgment, judgment will be modified accordingly and will be affirmed as modified. Otherwise it will be reversed and the action remanded for new trial.

(Richards and Williams, JJ. concur.)