BERTSCH, APPELLEE, *v.* SPEARS, APPELLANT.

[Cite as Bertsch v. Spears, 20 Ohio App. 2d 137.]

(No. 824—Decided October 29, 1969.)

*Messrs. Steinemann, Zeiher & Beamer,* for appellee.
*Mr. Clyde H. Collins,* for appellant.

POTTER, J. This case is an appeal from a judgment rendered on a jury verdict in a negligence action involving an automobile accident. Plaintiff was a passenger in the right front seat. Defendant made a left-hand turn into the path of the automobile in which plaintiff was riding, and a collision occurred. Plaintiff sustained a laceration on her left knee and fractures of both articular processes of the mandible. Negligence of the defendant was admitted, and defendant offered no evidence. Prior to the commencement of the trial, in the court's chambers, it was stipulated that the evidence would disclose that the plaintiff, at the time of the accident, was not using an available seat belt. The court, over the objection of the defendant, ordered that no evidence relative to the use or nonuse of the seat belt by the plaintiff was to be referred to in the *voir dire* examination, opening statements, questioning of witnesses or final arguments. Judgment on the verdict of the jury was entered in the amount of $9,000.

The assignments of error are:

(1) The trial court erred in refusing to permit evidence that plaintiff-appellee did not have her seat belt fastened at the time of the accident.

(2) The verdict and judgment were excessive in amount due to the influence of passion and prejudice and were contrary to the manifest weight of the evidence.

In reference to the first assignment of error, we find no Ohio reported case on the subject of wearing an automobile seat belt. While applicable cases cannot be placed in precise categories, roughly they divide as follows.

The failure to use an available seat belt is not negligence per se. *Bentzler* v. *Braun*, 34 Wis. 2d 362, 149 N. W. 2d 626; *Lawrence* v. *Westchester Fire Ins. Co.* (La. App.), 213 So. 2d 784; *Kavanagh* v. *Butorac*, — Ind. App. —, 221 N. E. 2d 824; *Miller* v. *Miller*, 273 N. C. 228, 160 S. E. 2d 65; *Lipscomb* v. *Diamiani* (Del.), 226 A. 2d 914; *Woods* v. *Smith*, 296 F. Supp. 1128; *Cierpisz* v. *Singleton*, 247 Md. 215, 230 A. 2d 629; *Dillon* v. *Humphreys*, 56 Misc. 2d 211, 288 N. Y. S. 2d 14.

That there is a common-law standard of ordinary care to use an available seat belt independent of any statutory mandate, see *Bentzler* v. *Braun*, 34 Wis. 2d 362, 149 N. W. 2d 626, and *Sams* v. *Sams*, 247 S. C. 467, 148 S. E. 2d 154, 15 A. L. R. 3d 1423 (cause to be decided on all the facts, not just the pleadings, where failure to use seat belt contributed to plaintiff's injury).

For cases holding that there is no duty to wear a seat belt, that the failure to wear is not a proximate cause of injury and that submission of such issue to the jury is not required, see *Woods* v. *Smith*, 296 F. Supp. 1128; *Romankewiz* v. *Black*, 16 Mich. App. 119, 167 N. W. 2d 606; *Brown* v. *Kendrick* (Fla. App.), 192 So. 2d 49; *Jones* v. *Dague*, — S. C. —, 166 S. E. 2d 99; however, in *Jones* the court held there was no evidence that the failure to wear a seat belt contributed to the occurrence or damages. As to the point that the failure to have the seat belt fastened does not contribute to the occurrence of the accident, see, also, *Lawrence* v. *Westchester Fire Ins. Co.*, 213 So. 2d 784, and *Noth* v. *Scheurer*, 285 F. Supp. 81.

In some jurisdictions the door has been left ajar to permit the showing of a causal relationship between the injuries and the failure to use a seat belt. See *Bentzler* v.

*Braun,* 34 Wis. 2d 362, 149 N. W. 2d 626; *Noth* v. *Scheurer,* 285 F. Supp. 81; *Cierpisz* v. *Singleton,* 247 Md. 215, 230 A. 2d 629; *Mount* v. *McClellan,* 91 Ill. App. 2d 1, 234 N. E. 2d 329; *Husted* v. *Refuse Removal Service,* 26 Conn. Sup. 494, 227 A. 2d 433; and an excellent article in XLII Ohio Bar No. 2, at page 25, Marks, "Does the Failure to Wear Seat Belts Constitute Contributory Negligence?"

In the instant case the answer does not affirmatively allege the defense of contributory negligence but is in the form of a general denial. The only relevant evidence was that a witness observed plaintiff fly off the car seat and her head hit the windshield. Defendant proffered no evidence that the wearing of the seat belt would have prevented the injuries sustained by plaintiff.

The Ohio statute does not require the wearing of a seat belt in a motor vehicle. Section 4513.262, Revised Code. We, therefore, hold that plaintiff was not negligent per se. It may be that in a future case the evidence introduced or proffered will indicate that the failure to use a seat belt was a contributing factor in the occurrence of the accident or in producing or aggravating plaintiff's injuries and that the issue should be submitted to a jury. We are not required in this case to so hold. See *Cierpisz* v. *Singleton,* 247 Md. 215, 230 A. 2d 629. We, therefore, hold that assignment of error No. 1 is not well taken.

As to assignment of error No. 2, we find that the jury verdict is not excessive nor influenced by passion or prejudice, and is not contrary to the manifest weight of the evidence. Such assignment is not well taken. The judgment of the Common Pleas Court of Erie County is affirmed.

*Judgment affirmed.*

BROWN, P. J., and STRAUB, J., concur.