WOODS, APPELLEE, *v.* CITY OF COLUMBUS ET AL., APPELLANTS.

(No. 85AP-122 — Decided August 27, 1985.)

*Carlile, Patchen, Murphy & Allison* and *Daniel R. Volkema; Freeman & Polhamus* and *William R. Polhamus,* for appellee.

*Gregory S. Lashutka,* city attorney, and *Debi Everson,* for appellants.

STERN, J. This is an appeal from a judgment rendered against appellants for personal injuries sustained by appellee as the result of a collision between a police cruiser, driven by a police officer for the city of Columbus, and an automobile driven by appellee, Mabel A. Woods.

The accident occurred at the intersection of Seventeenth and Long Streets, in the city of Columbus. There is a traffic control light at the intersection of these two streets. The cruiser was going north on Seventeenth Street, with the traffic light flashing a red signal as the cruiser was proceeding to go through the intersection. The cruiser was not responding to an emergency call. Appellee was driving westward on Long Street, with the traffic light signaling green. When appellee reached the intersection, her car collided with the right rear quarter panel of the cruiser. The police officer testified that there were buildings obstructing his view of East Long Street, and that there were parked automobiles on the side of the road.

Appellants raise two assignments of error:

"1. The trial court erred in refusing to admit any evidence regarding the appellee's failure to use an available seatbelt [*sic*].

"2. The trial court erred in directing a verdict in favor of the appellee on the issue of liability."

Appellee responds to appellants' assignments of error:

"1. Ohio common law does not permit appellee's failure to wear a seat belt to be introduced into evidence to show contributory negligence; further, defendant[s] must present expert testimony which proximately relates injury to the failure to wear a seat belt.

"2. Defendant[s] must present evidence that plaintiff committed negligence and that the negligence committed caused the automobile collision."

Prior to the time of the actual trial of the proceedings, the trial court considered, *in limine,* several motions filed by appellee as to the conduct of the trial. Among them was one ordering appellants not to mention appellee's failure to wear a seat belt at the time of the accident. The court sustained that motion. Defense counsel then made a statement into the record that, if appellants were allowed to cross-examine appellee, she would be asked whether her car was equipped with seat belts at the time of the accident and that her answer would be in the affirmative; in addition, appellee would be asked whether she had worn the seat belt at the time of the accident and that her answer would be in the negative.

The question, as to the manner and method of ruling upon motions made *in limine,* has been ruled upon by four reported opinions that we feel are pertinent to that particular type of motion.

In *State* v. *Spahr* (1976), 47 Ohio App. 2d 221 [1 O.O.3d 289], the Second District Court of Appeals stated, in paragraph one of the syllabus:

"As related to trial, a motion *in limine* is a precautionary request, directed to the inherent discretion of the trial judge, to limit the examination of witnesses by opposing counsel in a specified area until its admissibility is determined by the court outside the presence of the jury."

In *Spahr, supra,* at 224, the court commented:

"The expression *in limine* appears to be generic language applicable to a multitude of situations. In *Southern Pacific R.R. Co.* v. *United States* (1906), 200 U.S. 341, 352, the court indicates that a jurisdictional objection should be made *in limine* and not after pleadings have been perfected. Dictionaries provide various applications, none of which

relate directly to its use as a procedural device before the introduction of evidence. We are confident that industrious research would yield a record of its presence in former times on consideration of evidential objections.

"There is no provision under the rules or the statutes for a motion *in limine.* The request was no more and no less than an appeal to the trial court for a precautionary instruction to opposing counsel to avoid error or prejudice, such instruction to be effective until admissibility was resolved. Such a request lies in the inherent power and discretion of the trial judge to control the proceedings."

This court, in the following citations, has considered the effect and the procedure to be followed in requests made to trial courts in *in limine* motions: *Riverside Methodist Hosp. Assn.* v. *Guthrie* (1982), 3 Ohio App. 3d 308; *Hammond* v. *Moon* (1982), 8 Ohio App. 3d 66; and *Caserta* v. *Allstate Ins. Co.* (1983), 14 Ohio App. 3d 167.

In *Riverside, supra,* this court stated, in paragraph two of the syllabus:

"A motion *in limine* requires a two-step procedure: first, a pretrial consideration as to whether any reference to the area in question should be precluded until admissibility can be ascertained during trial; and, second, during the trial when the party desires to introduce the evidence which is the subject of the motion *in limine,* a determination by the trial court as to the admissibility of the evidence, which is determined by the circumstances and evidence adduced in the trial and the issues raised by the evidence."

In *Riverside, supra,* at 310, this court quoted *State* v. *Spahr, supra,* at 223, that "* * * '[a]n evidential ruling, prospective or otherwise, is never final until the trial is completed and every avenue of admission has been explored and denied.' * * *"

In *Hammond, supra,* this court stated, in paragraph two of the syllabus:

"Motions *in limine* are properly used only to preclude any evidence of a certain nature which is inherently prejudicial and inadmissible without a proper foundation being established until such time as the trial court, through a voir-dire examination or otherwise, may determine during the course of the trial the admissibility of the evidence. A motion *in limine* ordinarily is not a substitute for a motion to suppress evidence and is not an appropriate means of determining the admissibility of evidence."

A motion *in limine* made at the threshold of a trial may be a useful tool to obtain a ruling on evidence before that evidence is sought to be introduced. McCormick, Evidence (3 Ed. Cleary Ed. 1984) 126, 128, Section 52. However, the required procedure, for the offering of evidence not admitted pursuant to a trial judge's rejection of evidence prior to trial, must be made by the sworn question and answer method sometime during the trial so that the record can reflect exactly what the offerer of such evidence proposes to present, as sworn or stipulated testimony, to an appellate court for review.

Under the circumstances of the record before us, we will consider the statement made to the trial judge, relating to the nonuse of the seat belt by appellee, as if such unsworn testimony was properly presented, and that issue was considered accordingly.

The basic issue to be determined is whether a plaintiff, who fails to wear a seat belt, has the right to recover in an action for personal injuries incurred in a motor vehicle accident, where there is no statute mandating the use of seat belts by all passengers while the automobile is in motion.

This particular issue has been decided by courts in several states. From our review, there does not appear to be a

unanimity of opinion as to determination of this subject. Much of the law written on this subject has been since the adoption of the doctrine of comparative negligence by several jurisdictions in the country.

In Ohio, the only law that we can find has to do with the question of whether failure to wear a seat belt is negligence, or whether such failure can be considered as a defense of contributory negligence.

In *Bertsch* v. *Spears* (1969), 20 Ohio App. 2d 137 [49 O.O.2d 164], the Court of Appeals for Erie County ruled upon the validity of R.C. 4513.262, requiring that all automobiles sold, manufactured, leased, etc., must have seat belts installed. There was not then, and there is not now, any statute that mandates a passenger to use a seat belt while the automobile is in motion. It is significant to note that in that case the court, in dicta, noted, at 139:

"* * * It may be that in a future case the evidence introduced or proffered will indicate that the failure to use a seat belt was a contributing factor in the occurrence of the accident or in producing or aggravating plaintiff's injuries and that the issue should be submitted to a jury. We are not required in this case to so hold. * * *"

Then, in *Roberts* v. *Bohn* (1971), 26 Ohio App. 2d 50 [55 O.O.2d 78], reversed on other grounds *sub nom. Suchy* v. *Moore* (1972), 29 Ohio St. 2d 99 [58 O.O.2d 194], in paragraph seven of the syllabus, the court ruled:

"In the absence of any statute to the contrary, there is no duty on the part of an occupant of an automobile to anticipate another's negligence and to protect his own safety by such precautions as wearing available seat belts."

While we do not have a statute in Ohio mandating the use of seat belts by passengers in automotive vehicles, it is interesting to note that this court, in *State* v. *Stouffer* (1971), 28 Ohio App. 2d 229 [57 O.O.2d 342], held as constitutionally valid the requirement of R.C. 4511.53 that motorcycle operators and passengers wear protective helmets. The basis for this court's position was that the state of Ohio has a legitimate concern for the protection of motorcyclists and passengers when using public roads. *Id.* at 233.

Appellants failed to offer any expert testimony in support of their position in the motion *in limine* to present testimony for consideration by the jury as to whether the injuries sustained by appellee would have been reduced. Simply offering testimony that appellee had a seat belt in the automobile and did not use it does not present an issue for the jury's determination of the issues as to appellee's negligence, if any. There is no dispute as to the efficiency of the use of a seat belt; it saves lives and reduces injuries to automobile passengers who use the restraint. Generally recognized rules, however, cannot be considered in a judicial proceeding unless there is testimony offered to substantiate this safety requirement.

In *Pokorny* v. *Local 310* (1973), 35 Ohio App. 2d 178 [64 O.O.2d 277], reversed on other grounds (1974), 38 Ohio St. 2d 177 [67 O.O.2d 195], the court stated, in paragraph three of the syllabus:

"When a trial court sustains objections to a question, a statement must be made or proffered as to what the expected answer would be in order that a reviewing court can determine whether or not the action of the trial court is prejudicial; and in the absence of a proffer, the exclusion of evidence may not be assigned as error."

The Supreme Court, in *State* v.

*Chapin* (1981), 67 Ohio St. 2d 437, stated at 444 [21 O.O.3d 273]:

"* * * Without a proffer, the record is silent as to the content of these reports as well as the reasons why they would be admissible under the statutes to which appellee refers in his brief. These circumstances prevent this court from examining further the admissibility of the reports. We adhere to the long-standing rule that a reviewing court will uphold the trial court's decision to exclude evidence if the record does not contain a proffer. * * *"

In *Kassela* v. *Stonitsch* (1978), 57 Ill. App.3d 817, 373 N.E.2d 608, the court discussed a situation where the plaintiff's expert witness testified during cross-examination that seat belt utilization would have reduced plaintiff's injuries.

A seat belt restraint system is an integral part of modern-day motor vehicle design. The primary purpose is to provide a means of protecting the vehicle's occupants from injury or death in motor vehicle accidents, which are equally foreseeable by the occupants. Admission of seat belt evidence in order to mitigate damages is based upon the requirement that the failure to use the available restraint was a substantial contributing factor in increasing the harm that ensued. See *Barry* v. *Coca Cola Co.* (1967), 99 N.J. Super. 270, 239 A.2d 273.

Professor Werber, in a law review article, A Multi-Disciplinary Approach to Seat Belt Issues (1980), 29 Cleve. St. L. Rev. 217, stated at 246:

"Application of the seat belt defense requires submission of factual evidence to support contentions that either:

"1) the injuries allegedly sustained by the plaintiff would have been reduced or prevented entirely; or

"2) the accident would not have occurred thereby precluding recovery for any injuries." (Footnote omitted.)

*Spier* v. *Barker* (1974), 35 N.Y.2d 444, 363 N.Y.Supp.2d 916, 323 N.E.2d 164, presents a full and clear development of the concept by which a plaintiff's antecedent conduct justifies a jury's reduction of recoverable damages. This is a factor that the jury can consider in determining when the plaintiff has exercised due care in avoiding or mitigating injury.

R.C. 4513.262(A) requires that any passenger car sold, leased, rented or operated in this state has to be equipped with "sufficient anchorage units at the attachment points for attaching at least two sets of seat safety belts to the front seat," and the violator is guilty of a minor misdemeanor.

We therefore hold that appellants failed to offer any testimony in order that the jury could consider whether appellee's failure to use a seat belt at the time of the accident was contributory negligence, so that the case could be submitted to the jury under the comparative negligence statute. (R.C. 2315.19 [B].) Any consideration given to this matter solely on the basis of nonuse of a seat belt would require the jury to speculate as how to allocate such negligence. By the limited evidence offered by the city on this subject, we cannot speculate how the trial court could instruct the jury on this particular issue.

It is basic in appellate review of cases that the reviewing court can consider only such evidence that appears in the record of proceedings at the trial of the issues presented to the trier of fact. In the instant case, the proffered testimony, as to the nonuse of the seat belt, was not sufficient for the jury in the case at bar to determine the proximate cause of the injury that appellee sustained; such proximate cause testimony requires testimony which, in a natural and continuous sequence, and unbroken by any efficient, intervening cause, produced the injury to appellee, *without which the result would not have happened.* See 57 American Jurisprudence 2d (1971) 482, Negligence, Section

131. There was no evidence proffered that would have permitted the jury to be instructed by the trial judge as to how to evaluate plaintiff's contributory negligence, if any.

Based upon an examination of the record of proceedings regarding the nonuse of a seat belt, we are required to overrule the first assignment of error.

Appellants' second assignment of error relates to the trial court's sustaining of appellee's motion to direct a verdict in her favor on the issue of liability, and submitting the case to the jury solely on the issue of damages.

A review of the record of proceedings indicates that, when the police officer entered the intersection with the traffic light either red or "blinking" red, he did not stop, and that he only saw appellee momentarily before the collision, which occurred very quickly. With the green light in her favor, appellee had a right to proceed traveling with the traffic light, as she had no reason to comprehend that a dangerous situation would ensue. See *Perry* v. *Eastgreen Realty Co.* (1977), 55 Ohio App. 2d 130 [9 O.O.3d 277], affirmed (1978), 53 Ohio St.2d 51 [7 O.O.3d 130].

In *Timmins* v. *Russomano* (1968), 14 Ohio St. 2d 124 [43 O.O.2d 186], the Supreme Court ruled, in paragraph one of the syllabus:

"Under Ohio law, the driver of a motor vehicle proceeding over a through street in a lawful manner has the absolute right of way over a vehicle on an intersecting stop street, and the driver on the through street may ordinarily assume that such right of way will be respected and observed by the driver of the vehicle on the intersecting stop street."

Although the case at bar has to do with a red traffic light, as opposed to a stop sign, the same principle of law applies, as discussed in the preceding citation.

As to a traffic light case, this court, in *Hudson* v. *Anderson Concrete Co.* (1982), 7 Ohio App. 3d 41, held that a vehicle that enters an intersection on a green traffic light has a preferential right, pursuant to R.C. 4511.13, to proceed through the intersection; but, the preferential right does not relieve the driver of the vehicle of his duty to use ordinary care. There is nothing in the record to indicate that appellee did not use ordinary care in proceeding with the green traffic light in traveling through the intersection.

We therefore find that, based upon the data submitted, the trial court did not commit prejudicial error in sustaining appellee's motion for a directed verdict in her favor. The second assignment of error is overruled.

Based upon the relevant law and the record of proceedings in this case, the assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and PUTMAN, JJ., concur.

STERN, J., retired Justice of the Supreme Court of Ohio, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.

PUTMAN, J., of the Fifth Appellate District, sitting by assignment in the Tenth Appellate District.