SCHAEFFER ET AL. *v.* BURDETTE.

(No. 84-CV-0751 — Decided
January 13, 1986.)

Court of Common Pleas of
Clermont County.

*Donald W. White,* for plaintiffs.
*Gary Ostendorp,* for defendant.

WATSON, J. Plaintiffs, June C.
Schaeffer et al., filed their complaint
for personal injuries on October 11,
1984. Defendant, Sharon L. Burdette,
filed her answer on October 22, 1984.
Thereafter, on October 29, 1985, plain-
tiffs filed their motion *in limine* to pre-
vent the defendant from raising the
issue and presenting evidence of possi-
ble negligence in reference to the
wearing or non-wearing of a seat belt
by June Schaeffer at the time of the
collision.

Plaintiffs argue that Ohio case law
supports the position that evidence of
the non-use of a seat belt is inadmissi-
ble to show negligence on the part of a
plaintiff in the sense that plaintiff con-
tributed to her own injuries and failed
to mitigate damages. Defendant as-
serts on the other hand that the case
law on non-use of a seat belt is in such a
state of flux that this court should rule
that evidence of non-use is admissible.

Plaintiffs argue that *Roberts* v.

*Bohn* (1971), 26 Ohio App. 2d 50, 55
O.O. 2d 78, 269 N.E. 2d 53, reversed
on other grounds *sub nom. Suchy* v.
*Moore* (1972), 29 Ohio St. 2d 99, 58
O.O. 2d 194, 279 N.E. 2d 878, and
*Bertsch* v. *Spears* (1969), 20 Ohio App.
2d 137, 49 O.O. 2d 164, 252 N.E. 2d
194, support their position that evi-
dence of non-use is inadmissible.

In *Bertsch,* the court of appeals
held that the failure to wear a seat belt
is not negligence *per se.* The court said
that it may be that in a future case the
evidence will show or proffer that the
failure to use a seat belt was a con-
tributing factor in the occurrence of
the accident or in producing plaintiff's
injuries, and that the issue should be
submitted to a jury. But the court
noted that it was not required to so
hold in *Bertsch* because defendant
proffered no evidence that the wearing
of the seat belt would have prevented
plaintiff's injuries and because the
answer was in the form of a general
denial and the defense of contributory
negligence was not alleged affirm-
atively.

In *Roberts,* the court of appeals
held that in the absence of legislation
to the contrary, there is no duty of an
occupant of an automobile to wear a
seat belt and the failure to do so is not
contributory negligence as a matter of
law. The court also ruled that in the
absence of a contrary statute, there is
no duty on the part of an occupant of
an automobile to anticipate another's
negligence and to protect himself by
taking such precautions as wearing an
available seat belt.

Plaintiffs also cite in support of
their motion several 1985 common
pleas court decisions: *Wilson* v. *Collins*
(Feb. 22, 1985), Hamilton C.P. No.
A8404177, unreported; and *Miller* v.
*Lovejoy* (May 13, 1985), Summit C.P.
No. CV84-1-0046, unreported. In *Wil-
son,* defendant argued in opposition to
plaintiffs' motion for summary judg-

ment that plaintiff's failure to use his seat belt was a proximate cause of his alleged damages and that evidence of non-use is admissible under Ohio's comparative negligence law. The *Wilson* plaintiffs cited, as do plaintiffs herein, *Bertsch* and *Roberts* to counter defendant's arguments. The *Wilson* court found that the issue of the proximate cause of damages is an issue of fact for trial, but that defendant may not offer seat belt evidence as relevant to contributory negligence on their damages. The *Miller* court ruled similarly.

In support of its argument that evidence of non-use is admissible, defendant cites *Sours* v. *General Motors Corp.* (C.A. 6, 1983), 717 F. 2d 1511, for the proposition that both *Bertsch* and *Roberts* are neither current nor uniform, and that the law on the admissibility of seat belt evidence is in a state of flux. The *Sours* court concluded that if the Ohio Supreme Court were called upon to decide the question now, it might very well adopt a rule different from that of *Roberts*. Defendant notes that *Sours* avoided a final conclusion on the question by determining that its exclusion was therein harmless error.

This court would note that it does not consider the *obiter dictum* of *Sours* to be controlling of the case herein. First, *Sours* recognized the "peculiarly *legislative* nature of the issue." (Emphasis *sic.*) *Id.* at 1520. Second and more importantly, *Sours* distinguished *Roberts* and *Bertsch* because in those cases the defendants actually caused the accident while in *Sours* the allegation against General Motors was that it failed to adequately protect plaintiff from injury. *Sours* found in such an instance, considering the gist of the allegation, it was appropriate to inquire into what steps plaintiff himself took to avoid injury, *i.e.*, seat belt use. *Sours* found the difference to be

significant since *Roberts* "exhibited antipathy towards a defendant who would negligently cause an accident and then claim that that plaintiff failed to protect himself against defendant's negligence." *Id.* For this reason, *Sours* is not at all controlling.

Defendant also cites other decisions in support of her argument. In *McCartney* v. *Ake* (Aug. 21, 1984), Wayne C.P. No. 83-CI-282, unreported, the court held that the jury must decide, based on Ohio's comparative negligence statute, and on non-use of seat belt evidence, that proportion of injuries proximately resulting from the failure to use an available seat belt. In *Moore* v. *Arrow Truck Lines* (S.D. Ohio 1984), 16 OBR 306, the district court concluded that *Roberts* and *Bertsch* no longer expressed the law of Ohio and that evidence of non-use of a seat belt is relevant to the issue of whether injuries were the proximate result of the accident or of the non-use of the seat belt. Also, in *Scott* v. *Peterson* (July 15, 1985), Stark C.P. No. 83-1970, unreported, the trial court concluded that defendant, pursuant to an affirmative defense of comparative negligence, may show, if it can, that the failure to use a seat belt was a proximate cause of any injuries sustained by the plaintiff.

The court would note that the case law from other jurisdictions is split on the question of whether evidence of non-use is admissible.

In *State* v. *Ingram* (Ind. 1981), 427 N.E. 2d 444, the court held that evidence of seat belt non-use is inadmissible to show that plaintiff failed to mitigate damages, because the evidence looked to acts of the injured only after injury occurred which does not comport with the concept of mitigation. The *Ingram* court reasoned that without a clear mandate from the legislature requiring riders to buckle

up, the court would not judicially mandate such conduct.

In *Fischer* v. *Moore* (1973), 183 Colo. 392, 517 P. 2d 458, the court found evidence of seat belt non-use inadmissible to show contributory negligence or failure to mitigate damages. Likewise, in *Brown* v. *Kendrick* (Fla. App. 1966), 192 So. 2d 49, the court held proper the granting of a motion to strike the defense of contributory negligence based on the failure to utilize an available seat belt. Further, in *Britton* v. *Doehring* (1970), 286 Ala. 498, 242 So. 2d 666, evidence of failure to fasten a seat belt was inadmissible to mitigate damages for defendant's wantonness. In *Bentzler* v. *Braun* (1967), 34 Wis. 2d 362, 149 N.W. 2d 626, the court ruled that a statute requiring seat belt installation could not be considered a safety statute in the sense that it is negligent *per se* to fail to use an available seat belt. Also, in *Fields* v. *Volkswagen of America, Inc.* (Okla. 1977), 555 P. 2d 48, the court held there was no statutory duty to use seat belts and, thus, the trial court was not required to charge the jury on mitigation of damages for non-use. Additionally, in *Kunze* v. *Stang* (N.D. 1971), 191 N.W. 2d 526, the court held that the failure to use seat belts is not contributorily negligent as a matter of law. And in *Robinson* v. *Lewis* (1969), 254 Ore. 52, 457 P. 2d 483, the failure to wear an available seat belt was not negligence *per se* in the absence of a legislative mandate requiring their use; there is no common-law duty to buckle up. Lastly, the failure to use a seat belt cannot be used to show contributory negligence or to show failure to mitigate damages even where there is a statute requiring passengers to buckle up. *Clarkson* v. *Wright* (1985), 108 Ill. 2d 129, 483 N.E. 2d 268.

Cases allowing non-use evidence to be admitted include: *Mays* v. *Dealers Transit* (C.A. 7, 1971), 441 F. 2d 1344 (failure to use seat belt admissible to show both failure to prevent or lessen injury); *Baker* v. *Hlavachek* (1976), 51 App. Div. 2d 739, 379 N.Y. Supp. 2d 481 (safety expert may testify to reduction of plaintiff's injuries had seat belt been fastened); *Spier* v. *Barker* (1974), 35 N.Y. 2d 444, 363 N.Y. Supp. 2d 916 (admissible as to plaintiff's avoiding injury and to his mitigating damages, not as to liability).

On January 10, 1986, the court received word of the passage by the state legislature of the new mandatory seat belt law, R.C. 4513.263.

The new law, in subdivision (G), specifically prohibits the use in civil proceedings of evidence of the non-use of a seat belt to reduce an injured person's damages. In this court's mind, that provision demonstrates clearly the legislative intent not to alter the prior Ohio case law of *Bertsch* and *Roberts,* which found that evidence of non-use is inadmissible to show contributory negligence or to show a plaintiff's failure to mitigate his damages.

Whether or not the new provision as to the non-use evidentiary prohibition is remedial and to be retroactively applied to causes arising before its enactment is not a question that this court need decide, for whether or not it can be retroactively applied, the court holds that the result would be the same. Under prior Ohio case law, it would have been inappropriate for a court to judicially mandate that car drivers and passengers utilize available seat belts where the legislature had not yet seen fit to require their use, nor spoken on the issue of whether such non-use is evidence to be assessed in the computation of damages. Further, neither an Ohio court of appeals nor the Supreme Court of Ohio has ever held that there was a non-statutory duty to utilize an available seat belt, nor has any Ohio court held that the principle of mitigation of damages ap-

plied to a situation where a plaintiff failed to buckle up. Therefore, even if the new seat belt law were to be applied prospectively only as affecting substantial rights, the prior case law of Ohio supports the conclusion that evidence of non-use of an available seat belt is inadmissible.

The court would note its opinion, however, that the new seat belt provision is remedial in nature and does not affect substantial rights of persons and thus is to be applied to causes arising prior to the date of its enactment.

The motion is well-taken and granted.

*Motion in limine granted.*