**Ruth CHEATHAM, et al., Plaintiffs,**

v.

**THURSTON MOTOR LINES, et al., Defendants.**

**No. C3–83–1133.**

United States District Court, S.D. Ohio, W.D.

May 12, 1986.

See also 654 F.Supp. 211.

Ronald S. Pretekin, Thomas E. Jenks, Dayton, Ohio, for defendant Arena Dodge.

Douglas W. Rennie, Cincinnati, Ohio, for defendant Dygert Seating.

Gary J. Leppla, Dayton, Ohio, for Hospital Care Corp.

Thomas J. Green, Dayton, Ohio, for defendants Thurston Motor Lines and Plunkett.

Dayton Recreational Vehicle, Inc., pro se.

Alvarene N. Owens, Dayton, Ohio, Otto Beatty, Jr., Columbus, Ohio, for plaintiff.

Thomas D. Hunter, Columbus, Ohio, for defendant Chrysler Corporation.

## DECISION AND ENTRY GRANTING PLAINTIFFS' MOTION IN LIMINE

RICE, District Judge.

This case is before the Court on Plaintiffs' Motion in Limine (Doc. # 176), which seeks to have this Court order that evidence of the use or non-use of seat belts or other types of restraints by the Plaintiffs while in the van at the time of the collision which is the subject of this suit is inadmissible at trial. This Court has previously determined that Plaintiffs' claims against Defendants Plunkett and Thurston Motor Lines are governed by the law of Tennessee and that the product liability claims in this suit (including those of Plaintiffs against Chrysler) are governed by the law of Ohio. It is therefore necessary in this case to divide consideration of the Motion in Limine into two questions: (1) whether evidence of the use of seat belts is relevant evidence with regard to the negligence claims of the Plaintiffs against Plunkett and Thurston and (2) whether such evidence is relevant to the product liability claims.

■ Addressing the relevance of seat belt evidence to the negligence claims against Plunkett and Thurston first, the Court finds that Tennessee law plainly precludes the use of such evidence. Tennessee Code Section 55–9–214 provides, in part:

In no event shall failure to wear seat belts be considered as contributory negligence, nor shall such failure to wear said belts be considered in mitigation of damages on the trial of any civil action.

See also Mann v. United States, 294 F.Supp. 691 (E.D.Tenn.1968); Stallcup v. Taylor, 62 Tenn.App. 407, 463 S.W.2d 416 (1970). Accordingly, the Court concludes that there can be no question but that evidence of use or non-use of seat belts is irrelevant to Plaintiffs' claims against Defendants Plunkett and Thurston Motor Lines, and therefore must be excluded as evidence in the phase one trial discussed by this Court in its letter to counsel dated May 7, 1986.

The relevance of evidence regarding the use or non-use of seat belts with regard to the product liability claims against Chrysler, Arena Dodge, Dayton Recreational Vehicles and Dygert Seating is governed by Ohio law. In enacting the Ohio Mandatory Seat Belt Law, the state legislature amended Section 4513.263(G) of the Ohio Revised Code to read:

A person's failure to wear all of the available elements of a properly adjusted occupant restraining device or to ensure that each passenger of an automobile being operated by the person is wearing all of the available elements of such a device, in violation of division (D) of this section, shall not be considered or used as evidence of negligence or contributory negligence, shall not diminish recovery for damages in any civil action involving the person arising from the ownership,

maintenance, or operation of an automobile, shall not be used as a basis for a criminal prosecution of the person other than a prosecution for violation of this section, and shall not be admissible as evidence in any civil or criminal action involving the person other than a prosecution for a violation of division (B) of this section.

It is unclear whether this section applies retroactively to bar the admission of evidence of the use or non-use of seat belts at the time of this accident. However, two Ohio Courts of Appeals have previously decided, under the law as it existed prior to the enactment of the above statute, that seat belt evidence is inadmissible to show contributory negligence in a personal injury case arising out of a traffic accident. *See Roberts v. Bohn,* 26 Ohio App.2d 50, 269 N.E.2d 53 (1971), *rev'd on other grounds sub nom., Suchy v. Moore,* 29 Ohio St.2d 99, 279 N.E.2d 878 (1972); *Bertsch v. Spears,* 20 Ohio App.2d 137, 252 N.E.2d 194 (1969). In determining state law in the absence of a decision from the highest court of this state, "[i]f the state appellate court announces a principle and relies upon it, that is a datum not to be disregarded by the federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Clutter v. Johns-Manville Sales Corp.,* 646 F.2d 1151, 1153 (6th Cir. 1981); *see also Mathis v. Eli Lilly & Company,* 719 F.2d 134 (6th Cir.1983).

Defendants point to the Sixth Circuit's decision in *Sours v. General Motors Corp.,* 717 F.2d 1511 (6th Cir.1983), and the decision of Judge Kinneary in *Moore v. Arrow Truck Lines, Inc.,* 16 Ohio Bar Rep. 306 (S.D.Ohio 1984) [Available on WESTLAW, DCTU database], to argue that the state appellate court decisions denying the admissibility of seat belt evidence are no longer applicable. However, on review of those cases, the Court finds that the Sixth Circuit in *Sours* never reached the question of the admissibility of seat belt evidence, and instead based its decision upon the harmless error rule. *See* 717 F.2d at 1521 ("We hold that, *regardless* of whether the

evidence should have been admitted, its exclusion, *if error at all,* was harmless." (emphasis added)). Thus, the Sixth Circuit has *not* held that seat belt evidence was admissible to show contributory or comparative negligence prior to the amendment of Ohio Revised Code Section 4513.263.

Further, in light of the requirement that a decision of a state appellate court be disregarded only when other persuasive data indicates that the supreme court of a state would decide the issue otherwise, this Court is not persuaded by the reasoning of Judge Kinneary's decision in *Moore v. Arrow Truck Lines.* In that case, Judge Kinneary essentially asserts that in the time period between the decision of *Roberts* and *Bertsch,* the public's perception with respect to seat belt use had changed and Ohio had adopted a comparative negligence doctrine. This Court finds no persuasive evidence that in the period between 1971 and 1983 the public's perception of the use of seat belts changed so drastically that failure to wear seat belts would now be publicly perceived as negligent. Nor does this Court believe that Ohio's adoption of a comparative negligence doctrine in itself indicates that the failure to use seat belts is now perceived as negligent conduct. Thus, this Court declines to adopt the reasoning of the *Moore* decision. Instead, the Court believes, based upon the weight that it is required to give to the state appellate court decisions, that even prior to the adoption of the Ohio Mandatory Seat Belt Law, and, therefore, regardless of whether Ohio's new Mandatory Seat Belt Law is retroactive, the failure to use seat belts did not constitute negligence, and therefore that evidence of seat belt use is irrelevant to the issue of personal injuries in an automobile accident case.

Accordingly, the Court finds that seat belt evidence is inadmissible with regard to the product liability claims in this case.

In sum, the Court finds that seat belt evidence is not admissible with regard to either the negligence claim against Defend-

ants Plunkett and Thurston or with regard to the product liability claim against Chrysler, Arena Dodge, Dayton Recreation Vehicles and Dygert Seating.