BANTEL, APPELLANT, *v.*
HERBERT, APPELLEE.

(No. C-860207 — Decided February 11, 1987.)

*Lindhorst & Dreidame* and *J. Roger Blust,* for appellant.

*McCaslin, Imbus & McCaslin* and *Douglas E. King,* for appellee.

HILDEBRANDT, J. On July 12, 1981, Nora Herbert ("appellee") was stopped in her automobile in the southbound lane of traffic of North Bend Road at a traffic light at the intersection of Boomer Road in Hamilton County. Appellee's daughter, Nancy Costello ("Costello"), was operating the automobile directly in front of that driven by the appellee. Virginia Bantel ("appellant") was operating the vehicle directly in front of Costello.

Appellee's young granddaughter was a passenger in the rear seat of the appellee's automobile. The appellee admitted during the proceedings below that she took her eyes away from the road to assist the child to the front seat of her vehicle just after she had commenced moving her car forward. Costello's vehicle was also moving. Appellee's vehicle struck the rear of Costello's automobile propelling it into the rear of the appellant's auto.[1]

---

[1] Appellee estimated that her speed at the time of impact was ten miles per hour. There is conflicting evidence in the record as to whether the light had changed to green for the southbound North Bend traffic. Appellee maintained that the light was green while the appellant testified that the light had not changed from red at the time of the collision. It is not controverted that appellant's vehicle was not moving at the time of impact, nor is it disputed that the appellant's vehicle was damaged in the amount of $93. Neither the appellee's automobile nor that driven by Costello was damaged as a result of the collision.

The appellant filed suit against the appellee on March 16, 1983. She alleged that the appellee was negligent in operating her automobile and that as a direct and proximate result appellant suffered injuries. Thereafter trial commenced in the court below, with the intervention of a jury, on November 12, 1985.

It is not controverted that at the time of the events *sub judice* the appellant was not wearing the safety restraining device with which her vehicle was equipped. The appellant's pretrial motion *in limine* to keep this fact from the jury was overruled by the court below, and the jury heard this information.

The record further discloses that at the close of the evidence and after the closing arguments of counsel, the court charged the jury *inter alia* on the issue of comparative negligence, over the appellant's objection. Appellant argued to the court below that the court should submit to the jury only a general form in favor of the appellant. Appellant again maintained that it was improper for the jury to consider the fact that she was not using a seat belt at the time of the accident.[2]

After deliberation, the jury found that the appellee was ninety percent negligent and that the appellant was ten percent negligent. The jury awarded damages to the appellant in the amount of $10,000. The court entered judgment in accordance with the jury's verdict on December 17, 1985. On December 19, 1985, the appellant filed a motion for a new trial, pursuant to Civ. R. 59, in which she alleged that the court erred as a matter of law when it submitted the issue of comparative negligence to the jury. The court overruled this motion on March 3, 1986.

From the judgment of the court below the appellant brings this timely appeal in which she asserts in a solitary assignment of error that the trial court erred by not granting her motion for a new trial. We find the assignment to be meritorious.

To begin our analysis we note that, generally, evidence as to whether the failure to use a seat belt constitutes negligence is inadmissible. *Roberts* v. *Bohn* (1971), 26 Ohio App. 2d 50, 55 O.O. 2d 78, 269 N.E. 2d 53, reversed on other grounds *sub. nom. Suchy* v. *Moore* (1972), 29 Ohio St. 2d 99, 58 O.O. 2d 194, 279 N.E. 2d 878; *Bertsch* v. *Spears* (1969), 20 Ohio App. 2d 137, 49 O.O. 2d 164, 252 N.E. 2d 194. In *Bertsch,* the court recognized that such evidence may be admissible in future cases. *Bertsch, supra,* at 139, 49 O.O. 2d at 165-166, 252 N.E. 2d at 196.

The Tenth District Court of Appeals recently cited approvingly a law review article which posited that before the seat belt defense could be submitted to the jury, factual evidence would be required

---

[2] Subsequent to the proceedings below the legislature enacted R.C. 4513.263, the effective date of which is May 6, 1986. That statute mandates the use of occupant restraining devices by operators and front seat passengers of automobiles.

That statute further provides in pertinent part:

"(G) A person's failure to wear all of the available elements of a properly adjusted occupant restraining device or to ensure that each passenger of an automobile being operated by the person is wearing all of the available elements of such a device, in violation of division (B) of this section, shall not be considered or used as evidence of negligence, or contributory negligence, shall not diminish recovery for damages in any civil action involving the person arising from the ownership, maintenance, or operation of an automobile, shall not be used as a basis for a criminal prosecution of the person other than a prosecution for a violation of this section, and shall not be admissible as evidence in any civil or criminal action involving the person other than a prosecution for a violation of division (B) under this section."

to support that either the injuries sustained by the plaintiff would have been lessened or that the accident would not have occurred had the plaintiff been wearing a seat belt. *Woods* v. *Columbus* (1985), 23 Ohio App. 3d 163, 167, 23 OBR 406, 409-410, 492 N.E. 2d 466, 470 (citing Werber, A Multi-Disciplinary Approach to Seat Belt Issues [1980], 29 Cleve. St. L. Rev. 217, 246).

In the case at bar, appellant moved prior to trial that appellee not be permitted to introduce evidence that appellant was not wearing a seat belt when the accident occurred. In opposition, appellee argues essentially that the issue was a jury question, implicitly adopting the position that the evidence could be considered in relation to negligence generally. Nevertheless, the trial court overruled appellant's motion.

We have carefully reviewed the record before us and we find that it is devoid of any evidence to indicate that appellant's failure to use a seat belt contributed to her injuries or was a cause of the accident. Although the transcript indicates that the videotaped testimony of four doctors was played for the jury, neither party caused such testimony to be transcribed. We therefore do not have that evidence before us because of the criterion imposed under App. R. 9(A).[3] On the state of this record, we find the court's reasoning in *Woods* to be compelling:

"* * * Any consideration given to this matter solely on the basis of nonuse of a seat belt would require the jury to speculate as to how to allocate such negligence. By the limited evidence of-fered by the city on this subject, we cannot speculate how the trial court could instruct the jury on this particular issue." *Woods, supra,* at 167, 23 OBR at 410, 492 N.E. 2d at 471.

We therefore conclude that the court below erred in denying appellant's motion for a new trial because the court should not have permitted the jury to receive the evidence concerning appellant's failure to use a seat belt. Accordingly, we sustain the appellant's assignment of error because the trial court's judgment is contrary to law. Civ. R. 59(A)(7). The judgment of the court below is reversed and this cause is remanded for further proceedings consistent with this opinion and law.

*Judgment reversed*
*and cause remanded.*

SHANNON, P.J., and KLUSMEIER, J., concur.

---

[3] App. R. 9 states in part:

"(A) * * * When the transcript of proceedings is in the videotaped medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented and append such copy of the portions of the transcripts to their briefs."